Number 191431, Richard K. Garrick v. Mercedes-Benz USA, LLC Good morning. If I could reserve two minutes for rebuttal, please. Yes. Your Honor, this appeal challenges only the dismissal of the Chapter 93A cause of action below. And under Massachusetts law, under Chapter 93A, and specifically with reference to 940 CMR Section 5.03, an auto manufacturer like Mercedes-Benz is under an affirmative duty to inform its customers of a known defect in the car that it manufactures. The first amended complaint that was filed in this case more than adequately pleads the existence of this cause of action. And I point the Court to three separate paragraphs in the first amended complaint. Just before you get to that, you've got a statute of limitations issue here, I think. And all I saw in the brief was that there ought to be some sort of equitable tolling, but no argument in favor of that. So do you have an argument as to, well, first of all, why you didn't engage the District Court's statute of limitation ruling? And what is your argument? Sure. The District Court said with respect to the 93A claim that the statute of limitations issue is the same as all the other causes of action. And what the District Court found was because there was no active fraud or no duty to disclose, there was no concealment. I'm sorry, there was no discovery equitable tolling issue because there was no duty to disclose. But the Court's decision below doesn't actually cite or reference whatsoever in its decision 940CMR 5.03, which actually obligates a manufacturer to disclose these details. Counsel, we have two different issues. One is the merits of whether the statute of limitations ruling was correct. But Judge Howard said you seem to have abandoned that issue by not adequately arguing it on appeal. You're addressing the second issue. You're not addressing the first issue. Well, I think the two go hand in hand, Judge Lynch. No, they don't. You can have a perfectly good argument which you don't make adequately to this Court, and that's the end of the matter. Well, I respectfully disagree. Well, you may disagree, but what's in your brief on this issue? So in the brief, after we cite 5.03, we say the reason why this is important is because it does two things. One, it discusses the merits. And two, it discusses this equitable tolling issue because there's this duty to disclose, which the District Court said there was no duty to disclose. And so that's where we address that issue. On the merits? What, in our brief? No, in our brief we said that the equitable tolling issue is resolved by the fact that there is this duty to disclose. Well, that's it. That's all you say. Just to follow up with my colleagues, that's really all you say. They violated the duty to disclose, ergo equitable tolling applies. And you assert it. You don't cite anything. You don't elaborate. You just take it as it's virtually self-evident. To me, that seems like a classic undeveloped argument. I mean, how can you characterize that as a developed argument that we should consider? Well, there's nothing other than the naked assertion. There's nothing there. Well, I think the reason why there's not a lot of heft to the argument is because it's so self-evident, that where the judge expressly found that there was no duty to disclose. We appreciate the compliment that we should understand things that are self-evident, but nonetheless you have a burden to explain it to us. And, again, it was believed that by rebutting the District Court's finding that there was no duty to disclose and showing how there was a duty to disclose. I mean, this is a fraud by omission case. And on a classic discovery rule statute of limitations equitable tolling issue, our period to file the claim is only triggered once we are made aware of the issue. I mean, this case shouldn't be dismissed on a legal technicality in the briefing because this is an argument that we took the judge's one sentence about the statute of limitations and the decision as it relates to the 938 cause of action, and we addressed it by saying, no, Judge, you are wrong. You say there's no duty to disclose. Here is the duty to disclose that's in black and white in the regulations. And so where we – the complaint is clear. The complaint identifies exactly when the plaintiff learned of the defect, when he went to the Mercedes-Benz authorized dealership and they diagnosed him with having this radiator defect. And then after that, he filed well within the four-year limitations period. That's what happened here. And to now claim that there's some sort of waiver argument on it. So is your point then that every time the alleged violation is a failure to disclose, a 938 claim that alleges that, that there's equitable tolling? The equitable tolling, yes, where – and it's triggered when a plaintiff learns that there's an issue. And that clearly – there's a clear date certain in the First Amendment complaint that when he went to the dealership, he knew – he was told by Mercedes-Benz itself that you have the radiator defect, and he filed within that four-year period, which – and so where the district court error is to say, well, there was no duty to disclose, so there's a statute of limitations issue. Would that be there? We've shown that there's a – Would the same rule apply if it's simply a flat-out falsehood as opposed to an omission? So the reason why it's a different answer is because we rely on the regulation to trigger that duty. So if it was just a falsehood – Well, there's a statute that says you can't lie. Correct. But the – well, the statute says you can't act in an unfair and deceptive manner. I guess my answer – I'm sure I would argue that absolutely, that until you are known – So that rule will apply really in any case where it's deception? Yes, or any case, Your Honor, negligence, anything. Where you don't know about the, you know, med mal, you know, a defect in a house. If you don't know about the defect and then you find out about it, you – it's black-letter law. You have – your limitation period begins when you discover the issue. And we knew nothing about the issue until he went to that Mercedes-Benz dealership. And as soon as he did, he initiated contact with Mercedes-Benz. He reached out to them on multiple occasions asking them for – to pay for the repairs, to honor a warranty claim. They refused. Then we were forced to file a lawsuit, and it was done well within the statute of limitations. Counsel, we're a federal court. You're asking us to make a ruling as to how Massachusetts law, these regulations you're talking about, would apply. Do you have any Massachusetts authority for what you're asking us to do? Yes. Where was it? 940 CMR Section 5.03. Oh, just the self-evident meaning of the language. Of course, Your Honor. And I think this court's inquiry should start right at the language of the law. And not only do – it's not that there's – it's not that we just didn't cite the law. There is no law. We looked. We found none. Mercedes-Benz didn't cite any either. So you're asking us to make law for Massachusetts? We filed a case, Your Honor, in state court. We were brought here. So to the extent that this court believes that this is not an issue that they should decide, we're happy to have the same arguments in front of the Supreme Judicial Court. You've reserved some time. Thank you. Good morning, Your Honors. David Rice for defendant in Apple v. Mercedes-Benz USA LLC. And I'm here with Christopher Hurst as well. The court's questions hit right on one of the fundamental problems I had this morning, especially without a reply brief, trying to figure out where the arguments might go here because it's very hard to tell that from the opening brief. I suspect you're pleased with the way the arguments are going. I anticipated you might have the questions because they're the same questions I had when I read the brief, which is I can't get enough out of this to quite figure out how to respond to it. It wasn't even true until Mr. Garrick stood up which claims for relief he actually was trying to save. It sounds like he's only trying to save one, the Chapter 93A claim. There are dispositive rulings that Judge Helwani made that just aren't addressed in this brief, and so it's very difficult to figure out whether he's trying to save some of those. Well, his counsel has made clear he's only focusing on one claim. You don't have to speculate about that. He's told you and us the one claim he's relying on. Yes, and it's the Chapter 93A claim. So why don't you focus on that? His only argument with regard to that is that this regulation, Section 5.03, somehow saves him. I think it's worth stepping back for a second. I know the Court's very clear, understands the record here, but in a nutshell what this case is about and what the pleadings establish is Mr. Garrick, Sr., bought a 2-year-old Mercedes-Benz car. He drove it for 10 years. Where does a used car go for 10 years, apparently without any problem? And then he gets a humming, buzzing noise, and a harsh engagement of gears. He takes it into a dealer. The dealer says, looks through its materials, says, we've got a technical service bulletin that suggests we do some tests. They did some tests. We think you need a new radiator and transmission. Mr. Garrick says, I want MDUSA to pay for this repair to my 12-year-old car. And MDUSA respectfully says, I'm sorry, but your car is way out of warranty, and we're not going to pay for this repair. So he does a temporary repair and then apparently drives the car at least until he files a complaint. Excuse me. Speaking only for myself, I'm not very impressed with any of that argument, but I am concerned about the statute of limitations, which really was an alternative ground for the district court's decision. That's right. We seem to all be concerned about that. Why don't you focus on that, if you would, please? There's nothing in Section 5.03 that talks about equitable tolling or indicates why equitable tolling would apply. It's a Massachusetts Attorney General regulation that simply says you need to disclose certain types of defects when they exist, and if you don't do that, the argument that Mr. Garrick is making is that you're subject to a Chapter 93A claim. There's nothing that says that that tolls the statute of limitations simply because even assuming a breach of that, there's nothing in there that says you've tolled the statute of limitations. Presumably, if you had an obligation to disclose that, you breached that obligation back when Mr. Garrick bought his car and at that point should have made a disclosure to him. That's what he alleges. That's when he alleges the disclosure should have been made, back again within the warranty period, a long time before Mr. Garrick then comes forward and says, now my car is broken and you need to pay for it, and therefore you should have told me a long time ago that my car had this problem. There's nothing that suggests that equitable tolling would apply in the regulation. I don't know of any Massachusetts law that is applicable to this type of regulation that would apply, would say somehow it creates an equitable tolling situation. I don't think there's any Massachusetts law to that effect or law from this circuit for that matter that addresses the issue. Basically, for statute of limitations period, without some sort of special relationship between these parties, which the judge noted there wasn't, it's a commercial transaction, there's no basis for tolling a claim of this sort, a Chapter 93A claim. That is all I can find in the law, and Mr. Garrick certainly hasn't pointed me to anything else to take on. So I think that conclusion by the judge goes unchallenged, at least on this appeal. That's as far as I can help you with the equitable tolling ruling. As I said, I don't think there's a duty to disclose in the first place, and that is of course what we argued below, and Mr. Garrick, if he takes that on at all, barely does so by citing to this statute. But the judge's ruling below easily deals with any duty to disclose by noting that there simply wasn't a plausibly pled complaint alleging that there was a defect, and specifically that it was a known defect by MDUSA, and beyond that, a defect that threatened anybody's safety. Nothing about this was contained in Mr. Garrick's complaint, and therefore there is in fact no duty to disclose to begin with, which is really the only basis that I hear being raised for equitable tolling under statute of limitations. Again, a technical service bulletin is just like an extension of a repair manual. If you had to disclose this, you'd have to disclose most of a repair manual because a repair manual tells you how to troubleshoot and repair cars. This is one particular issue that MDUSA became aware of and issued this bulletin. It doesn't say there's a defect. It doesn't say there's any safety problems. It just says if someone comes in with this problem, this is how you can try to fix it, and that's all it says. With that, as the only thing pled in the complaint, the district court correctly concluded there simply isn't a pled defect here, much less a defect known by MDUSA, much less a defect that threatened anybody's safety because there's no allegation in the TSP or in the complaint that anybody's safety was ever threatened by this condition. The fact that Mr. Garrick was still driving his car when he filed the complaint two years after he supposedly needed to make this repair simply reinforces that. Once the court has any further questions, I would simply respectfully ask that it affirm the judgment of the district court. All right. I know you were focusing on the statute of limitations argument, so I just want to point the court to pages 8 and 9 of the opening brief, which addresses the statute of limitations issue. Keep in mind, the district court gave very short shrift to the statute of limitations issue. She said that under 93A, it suffers from the same infirmities as the other fraud causes of action. So in the brief, we mentioned that the judge erred by failing to recognize 940CMR 5.03. Counsel for Mercedes Benz just hit the nail on the head. He said, I don't know how a platoon applies to this case. And the reason for that is there is no developed case law on whether or not a situation like this requires equitable tolling. But here's why equitable tolling is required in this case. This is a case where they have a duty to disclose, and that duty to disclose arises either when the car comes off the lot, whether it's five years down the road when we're out of warranty, or 15 years down the road. There's no time limitation for when that duty to disclose is required. Once a known defect is known, there's a duty to disclose. And here's why that's important. Because by failing to disclose, like Mercedes Benz did here, to the owners, it told its dealers, it didn't tell the owners. But by failing to disclose to the owners, it allowed this problem to manifest outside the warranty period. And that's why we are only challenging the 93A cause of action, because we have no basis at this point to challenge the court's decision on the warranty claims. So they're now being rewarded for not disclosing this defect. And look, we looked for case law. We couldn't find any. They haven't cited any case law either. They even acknowledged they don't know how equitable tolling applies. This is a sleepy case. If the federal court took it on, if they want to know what Massachusetts law is, we're happy to take it up with the SJC, but we shouldn't dismiss the claim based on an undeveloped record where the complaint is so clear on its face that there was equitable tolling and a duty to disclose. Thank you. We're going to take a recess. Counsel in the next case should be prepared to go within five minutes.